UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DONALD WALLACE,

    Plaintiff,

                                 Case Number 1:11-cv-207-MP-GRJ

v.

TRI-COUNTY RENTALS & SALES, INC.
And GARY J. MARQUIS,

    Defendants.

_____/

### Amended Complaint & Jury Demand

The Plaintiff, Donald Wallace, amends his complaint pursuant to Rule 15(a)(1)(B), Fed.R.Civ.P., to add a count of discrimination pursuant to 29 U.S.C. § 215(a)(3) as the Defendants, Tri-County Rentals & Sales, Inc. and Gary J. Marquis, discriminated against Wallace in retaliation for his demands of overtime.

### I. Background

1. Gary J. Marquis ("Marquis") runs Tri-County Rentals & Sales, Inc. ("TCR"), a full service dealership in Chiefland, Florida. TCR incorporated in the State of Florida on June 6, 1989.

2. Marquis and TCR employed Donald Wallace ("Wallace") from on or about July 16, 2008 through on or about January 21, 2011. During this period of time Defendants paid Wallace an hourly rate plus commissions for the work he performed at TCR.

3. TCR primarily sells off-road vehicles and parts. When the economy slowed, Defendants chose to evade their duty of paying overtime wages at the correct rate. In fact, the Defendants deliberately chose to evade the Fair Labor Standards Act ("FLSA" or "Act") by refusing to pay time and half Wallace's regular rate of pay for all hours worked over forty in a workweek.

4. Prior to retaining counsel Wallace demanded satisfaction of his overtime from Defendants. Defendants ignored the demand. Hitherto Wallace retained counsel, who initially sent a demand letter to Defendants on June 12, 2011. Defendants failed, refused and/or neglected to respond. In the letter, Wallace through counsel requested his personnel file, payroll records, time records and a copy of the company's handbook. Due to not receiving an answer Wallace sent a second letter requesting the aforementioned records on June 28, 2011 by July 29, 2011. Defendants failed, refused and/or neglected to respond. Once again on August 18, 2011 Wallace attempted to obtain the aforementioned records via a demand letter. To date Defendants have failed, refused and/or neglected to provide Wallace a copy of his personnel file, payroll records, time records and a copy of the company's handbook.

5. On September 2, 2011, Defendants through their counsel stated that they would comply with the FLSA as it regards to Wallace. Nevertheless, Defendants did not provide any records. Through their counsel Defendants have admitted that Wallace was entitled to overtime payment

pursuant to 29 U.S.C. § 207(a)(1). Hitherto, the threshold questions of coverage (either individual or enterprise coverage) has been admitted to by Defendants as has Wallace's right to receive overtime pay for hours worked over forty.

6. The issues before the Court will be the amount of overtime due to Wallace, the issue of liquidated damages and entry of judgment against Defendants. Wallace sues Defendants pursuant to 29 U.S.C. § 216(b) for unpaid overtime, seeking payment of overtime, an equal amount in liquidated damages, a declaration that Defendants violated the FLSA and discrimination in violation of 29 U.S.C. § 215(a)(3).

### II. Parties

7. Wallace labored for Defendants in Gilchrest County, Florida from on or about July 16, 2008 through on or about January 21, 2011.

8. Marquis is an officer of TCR.

    A. He has the authority to hire and fire employees.

    B. He terminated Wallace.

    C. He runs the daily operations of TCR.

9. TCR has conducted business in Chiefland, Florida since 1989.

### III. Count I - Facts & Violations of 29 U.S.C. § 215(a)(2)

10. TCR employed Wallace.

11. Marquis employed Wallace.

12. Defendants employed Wallace.

13. TCR employs more than two employees.

14. Marquis employs more than two employees.

15. Defendants employ more than two employees.

16. TCR is an enterprise as defined by the FLSA.

17. TCR was subject to enterprise coverage on March 31, 1990.

18. On March 31, 1990 TCR had an annual dollar volume of over $362,500.

19. TCR has an annual gross volume of over $500,000 per year.

20. Defendants sell off-road vehicles, as well as other goods to customers.

21. Defendants purchase goods from out-of-state.

22. Defendants' employees handle goods that originated outside the State of Florida.

23. Defendants are an enterprise under Sections 3(r) and 3(s) of the FLSA.

24. Defendants did not pay Wallace overtime for all overtime hours worked.

25. Defendants willfully violated the FLSA.

26. Wallace was paid an hourly wage plus commissions.

27. Wallace's commissions were less than half of his income.

28. Wallace did not earn one and half time the minimum wage.

29. Wallace was entitled to receive time and half his regular rate.

30. Wallace's regular rate changed from week to week.

31. Defendants did not correctly calculate Wallace's overtime rate.

32. Defendants did not pay Wallace for all overtime worked at the correct rate during the past three years.

33. Wallace was entitled to time and half his regular rate for all hours worked over forty in a workweek.

34. Defendants acted recklessly in disregarding the FLSA.

35. Wallace was individually covered by the Act.

36. This complaint covers the three years preceding the filing of this complaint to the time that Wallace left his employ with Defendant.

Wherefore, Wallace demands trial by jury, discovery regarding the number of hours he worked, payment of all unpaid overtime at the correct rate during the appropriate statute of limitations, an equal amount in liquidated damages, a declaration that Defendants violated § 15(a)(2) of the FLSA, pre-judgment interest, attorneys' fees and costs pursuant to § 16(b) of the Act.

### IV. Count II - Facts & Violations of 29 U.S.C. § 215(a)(3)

37. Wallace reincorporates paragraphs 1 through 9 as if fully stated herein.

38. Defendants employed Wallace.

39. Defendants did not pay Wallace overtime in accordance to 29 U.S.C. § 207(a)(1).

40. Wallace complained about not being paid overtime to Defendants.

41. Defendants refused to pay Wallace his unpaid overtime.

42. Defendants threatened Wallace that if he continued to seek payment of his overtime that they would retaliate against him.

43. Marquis told Wallace that he would get Wallace's brother fired from the Department of Corrections.

44. Defendants discriminated against Wallace.

45. Defendants were required to keep accurate time records, to pay Wallace overtime pursuant to 29 U.S.C. § 207(a)(1), and to not discriminate against him for seeking payment of his overtime.

46. Defendants threats and discrimination were retaliatory actions that were instituted by Defendants in order to harass, disturb and discourage Wallace.

Wherefore, Wallace demands trial by jury, compensatory damages, punitive damages, attorneys' fees, costs and all other damages deemed appropriate by the Court.

Respectfully submitted this 18th day of January 2012,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri

## Certificate of Service

I hereby certify that a true and accurate copy of the foregoing has been served via CM/ECF on all counsel of record on this 18th day of January 2012.

*/s/ Bernard R. Mazaheri*
Bernard R. Mazaheri
Florida Bar Number 643971
Morgan & Morgan
6824 Griffin Road
Davie, Florida 33314
Telephone – (954)318-0268
Facsimile – (954)333-3515
Email – BMazaheri@forthepeople.com
Attorney for Plaintiff