**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**DONALD WALLACE,**

    **Plaintiff,**

**v.**                                                                   **CASE NO. 1:11cv207/MP/GRJ**

**TRI-COUNTY RENTALS & SALES,
INC., and GARY J. MARQUIS,**

    **Defendants.**

                                          /

## **ORDER**

The plaintiff in this action filed suit against his former employer seeking unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), *see* 29 U.S.C. § 201, *et seq.* Before the court is a proposed Consent Decree submitted by the parties (doc. 29), pursuant to which the defendants admit liability to the plaintiff under the FLSA and agree to pay the plaintiff $1,492.90 in unpaid overtime compensation and the same amount in liquidated damages. The Consent Decree also states that the defendants will pay the plaintiff's attorney's fees and costs pursuant to 29 U.S.C. § 216(b), but it does not specify the amount of such fees and costs. The parties also did not submit a settlement agreement for the court's review. As the Eleventh Circuit explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir.1982), claims for back-wages under the FLSA may be settled or compromised only when the Department of Labor supervises the payment of back-wages or when the court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. More precisely, courts must determine whether a compromise of an FLSA claim for wages represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In a comprehensive review of *Lynn's Food Stores* and the principles underlining the FLSA, the

Middle District of Florida described this inquiry as involving both internal and external factors. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241-43 (M.D. Fla. 2010). The internal factors include consideration of the following principles: (1) the compromise must be fair and reasonable to the employee; (2) the compromise must resolve a bona fide dispute; (3) a confidentiality provision may not contravene FLSA policy; (4) the compromise may not involve a prospective waiver of FLSA rights; and (5) the compromise must award reasonable attorney's fees. *See id.* The external factors necessary to the fairness inquiry involve determining whether the compromise otherwise frustrates the implementation of the FLSA, requiring the court to consider matters such as whether other employees are similarly situated or whether either the employer or the industry has a history of noncompliance. *Id.* at 1243-44. In order for the court to make such a determination, the parties are required to submit their proposed settlement agreement for review. Not only did the parties fail to do so here, but they have not specified the number of hours for which the plaintiff is owed overtime compensation or the amount of attorneys' fees and costs the defendants have agreed to pay. The court therefore is unable to determine whether the parties' compromise represents a fair and reasonable resolution of the plaintiff's claim.

The parties are directed to file a motion for approval of their settlement agreement within thirty (30) days of the date of this order and attach a copy of the settlement agreement to the motion. The motion must confirm that the settlement agreement includes each and every term and condition of the parties' agreement; identify the bona fide FLSA dispute and explain the reasons for the compromise; and demonstrate the reasonableness of the proposed attorney's fee, either by using the lodestar approach or by representing to the court that the parties have agreed to the attorney's fee separately and without regard to the amount paid to settle the FLSA claim. *See Lynn's Food Stores*, 679 F.2d at 1355; *Dees*, 706 F. Supp. 2d at 1241-43; *Bonetti v. Embarg Mgm't Co.*, 715 F. Supp. 2d 1222

(M.D. Fla. 2009) (citing *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009)).[1]

**DONE and ORDERED** on this 9th day of May, 2012.

*s/ M. Casey Rodgers*

**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] While unpublished opinions are not considered binding, they may be considered as persuasive authority.  See 11th Cir. R. 36-2; *see also United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000).

Case No. 1:11cv207/MP/GRJ