IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**DONALD WALLACE,**

    **Plaintiff,**

v.                                       **CASE NO. 1:11cv207/MP/GRJ**

**TRI-COUNTY RENTALS & SALES,
INC., and GARY J. MARQUIS,**

    **Defendants.**
_____/

## ORDER

        The plaintiff filed suit against his former employer seeking unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The parties submitted a Consent Decree (doc. 29), pursuant to which the defendants admit liability to the plaintiff under the FLSA and agree to pay the plaintiff $1,492.90 in unpaid overtime compensation and the same amount in liquidated damages. The Consent Decree also provides that the defendants will pay plaintiff's attorney's fees and costs, but it does not specify the amount of attorney's fees and costs to which the parties agreed. The parties also did not submit a separate agreement memorializing the terms of their settlement. Instead, they requested that the court enter judgment based on the Consent Decree alone. The court declined to do so, finding that it was unable to determine whether the parties' settlement was fair and reasonable based solely on the Consent Decree. The court thus directed the parties to file a motion for approval of their settlement agreement within thirty (30) days and attach a copy of the settlement agreement, confirming that it includes each and every term and condition of the parties' agreement, identifying the bona fide FLSA dispute and explaining the reasons for the compromise; and demonstrating the reasonableness of the proposed attorney's fees, either by using the lodestar approach or by representing to the court that they agreed to the attorney's fees

separately and without regard to the amount paid to settle the plaintiff's claim, as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350(11th Cir. 1982). *See id; see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227 (M.D. Fla. 2010); *Bonette v. Embarg Mgm't Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009) (citing *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009)). Rather than do so, the plaintiff responded to the court's order, insisting that *Lynn's Food* does not apply in this instance because the plaintiff has not compromised his claim. The court disagrees.

In keeping with the principles underlying the FLSA, "district courts have scrutinized FLSA settlements for the bona fides of the dispute by investigating the existence of 'side deals' or other conditions not present on the face of the employer's offer, including constraints on employees beyond their full compensation under the FLSA." *Brumley v. Camin Cargo Control, Inc.*, Nos. 08-1798, 10-2461, and 09-6128, 2012 WL 1019337, at *2 (D.N.J. March 26, 2012) (citing *Lynn's Food* for the proposition that district courts are required to approve all FLSA compromises). "[I]f the parties' proposed 'full compensation' agreement includes an additional term – such as the forbearance of a valuable right of the employee, including perhaps one of the employee's FLSA rights, or the exchange of another valuable consideration of any kind – the notion of 'full compensation' becomes illusory and inapplicable" and the mechanism allowing parties to avoid review of their agreement, as narrowly set forth in *Mackenzie v. Kindred Hospitals East, LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla.2003), becomes unavailable.[1] *Dees*, 706 F. Supp. 2d at 1240.

> For example, the employer in an FLSA case might offer full monetary compensation to the employee for the FLSA claim but might require the employee to refrain from informing fellow employees about the result the employee obtained. Or the employer might require the employee to trim the shrubbery at the employer's home each weekend for a year. In either

---

[1] In *Mackenzie*, the court determined that *Lynn's Food* requires judicial oversight of FLSA settlements only where the plaintiff has compromised his claim. The Eleventh Circuit, however, has declined to "say what, if any, judicial oversight applies under *Lynn's Food* when full satisfaction of the FLSA claim is made . . . ." *Silva*, 307 Fed. Appx. at 351.

> instance, the employee outwardly receives full monetary compensation for his unpaid wages, but effectively the additional term (the "side deal") confers a partially offsetting benefit on the employer. To the extent that the employee receives a full wage but relinquishes something else of value, the agreement (even if exhibited to the court as a stipulation for "full compensation" or an offer of judgment) involves a "compromise," and *Lynn's Food* requires judicial approval of the compromise. *See Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir.2009) ("On its face, *Lynn's Food* suggests no exception to judicial oversight of settlements when the employee receives all wages due; it offers no support for the even broader exception proposed by [the plaintiff's attorney] that would include all counseled settlements."). Announcing an exceedingly narrow and patently obvious "exception" to *Lynn's Food*, *Mackenzie* finds only that, after judicial inquiry confirms both "full compensation" and "no side deal" (in other words, the absence of compromise), no further judicial inquiry is necessary. In every other instance, *Lynn's Food* requires plenary review by the district court.

*Dees*, 706 F. Supp. 2d at 1240.

In the present case, the court required the parties to submit their settlement agreement so it could ensure there were no "side deals" rendering the settlement a compromise of the plaintiff's claim. The court also required the parties to demonstrate the reasonableness of the proposed attorney's fees, either by using the lodestar approach or by representing to the court that the parties agreed to the fees separately and without regard to the amount paid to settle the plaintiff's claim.[2] *See Regnier v. Sun Tropic Coatings, Inc.*, No. 6:09cv842, 2010 WL 2244036, at *1 (M.D. Fla. May 17, 2010) ("When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the 'FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'") (quoting *Silva*, 307 Fed. Appx. at 351). Although plaintiff's counsel contacted the undersigned's chambers

---

[2] In the Consent Decree, the parties represent that the amount of attorney's fees and costs paid to plaintiff's counsel will not affect the plaintiff's recovery.

and represented that the Consent Decree sets forth the entire agreement between the parties and that there is no separate settlement agreement, the court cannot rely on counsel's *ex parte* comments in that regard.  However, the parties may file a stipulated motion for approval of their settlement agreement, confirming that all agreed upon terms are set forth in the Consent Decree, that there are no additional terms or agreements, and that the attorney's fees were agreed to without regard to the amount paid to settle the plaintiff's claim.  In the event they do so, the court should be in a position to determine the fairness and reasonableness of the parties' settlement, including the plaintiff's attorney's fees.

**DONE and ORDERED** on this 5th day of June, 2012.


*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**